IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JAMES WENDELL, JESSICA WENDELL, AND
S.W., A MINOR BY AND THROUGH HIS PARENTS,
JESSICA WENDELL AND JAMES WENDELL                     PLAINTIFFS

VS.                              CIVIL ACTION NO. 5:16-cv-50(DCB)(MTP)

CELLCO PARTNERSHIP D/B/A
VERIZON COMMUNICATIONS, INC.;[1]
TELECOMMUNICATION SYSTEMS, INC.;[2]
AND JOHN DOES 1-10                                    DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiffs' Motion for
Reconsideration **(docket entry 33)** filed by James Wendell, Jessica
Wendell, and S.W., a Minor by and through his parents, Jessica
Wendell and James Wendell.  Having carefully considered the motion
and the response of defendant Cellco Partnership d/b/a Verizon
Communications (hereafter "Verizon"), the memoranda of the parties
and the applicable law, and being fully advised in the premises the
Court finds as follows:

On November 14, 2016, the Court granted Verizon's Motion to
Compel Arbitration and to Stay Case.  In their present motion, the

---

[1] The proper name of this entity is Cellco Partnership d/b/a
Verizon Wireless (see docket entry 8, p. 7).

[2] Defendant Safety and Security Technologies, Inc., was
voluntarily dismissed by the plaintiffs on June 23, 2016, and
defendant TeleCommunication Systems, Inc. was substituted in its
place.  The plaintiffs' First Amended Complaint (docket entry 15) is
identical to their original Complaint (docket entry 1) except for the
substitution of parties.

plaintiffs argue that the Customer Agreement between plaintiffs and Verizon is one of adhesion wherein all bargaining power is held by Verizon.   The plaintiffs further state that questions concerning the validity of the contract are examined under Mississippi law, and that Mississippi courts have frequently addressed the issue of unequal bargaining power without deferring that question to the arbitrator.  The plaintiffs contend that the contract providing for arbitration is substantively unconscionable and should not be enforced.   In the alternative, they request that the costs of arbitration be borne by Verizon.

"A motion for reconsideration may not be used to rehash rejected arguments or introduce new ones."  LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005); accord Nationalist Movement v. Town of Jena, 321 F. App'x 359, 364 (5th Cir. 2009); Malcolm v. Vicksburg Warren School Dist. Bd. of Trustees, 2016 WL 6916791, at *3 (S.D. Miss. Nov. 22, 2016).   On the contrary, "the narrow purpose of a motion for reconsideration is to allow a party to correct manifest errors of law or fact or present newly discovered evidence."   Nationalist Movement, 321 F. App'x at 364 (5th Cir. 2009); accord In re Rodriguez, 695 F.3d 360, 371 (5th Cir. 2012) (motions to reconsider "call into question the correctness of a judgment and are properly invoked to correct manifest errors of law or fact or to present newly discovered evidence")(quotation marks omitted)).  Reconsideration "is an extraordinary remedy that should

be used sparingly." In re Gonzalez, 695 F.3d at 371; accord Life Ins. Co. of N. Am. v. Ard, 2015 WL 898302, at *1 (S.D. Miss. Mar. 3, 2015). Whether to reconsider is committed to the sound discretion of the Court. LeClerc, 419 F.3d at 412 n.13.

The plaintiffs' argument that the Customer Agreement is substantively unconscionable because it is a contract of adhesion was fully addressed in the Court's previous Memorandum Opinion and was rejected. The Court concluded that the question of whether the Customer Agreement is an adhesion contract is for one the arbitrator to address. The plaintiffs' argument that the Mississippi Supreme Court, in Caplin Enters., Inc. v. Arrington, 145 So.3d 608, 614 (Miss. 2014), did not refer a dispute over whether a contract was one of adhesion to the arbitrator is beside the point. As interpreted by the Supreme Court of the United States, the Federal Arbitration Act requires that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006). That has been the black-letter rule since the Supreme Court's 1967 decision in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967).

The plaintiffs further claim that the arbitration agreement is substantively unconscionable because, even though it requires both sides to take small-value claims to court, in practice that requirement favors Verizon because it is more likely than the

3

plaintiffs to have small-value claims.  This argument was also considered and rejected by the Court, and the plaintiffs have not come forward with any evidence to support their contention.

The plaintiffs also urge the Court to require Verizon to pay all costs of arbitration.  This argument was not put forward by the plaintiffs in their response to the motion to compel arbitration, and is therefore waived.  Furthermore, the plaintiffs have not offered any evidence that the arbitration costs would be prohibitively expensive.  Finally, Verizon asserts that the arbitration agreement establishes that Verizon will pay for arbitration, and therefore the issue of arbitration costs is moot.

For the foregoing reasons, the plaintiffs' Motion for Reconsideration shall be denied.

Accordingly,

IT IS HEREBY ORDERED that the Plaintiffs' Motion for Reconsideration **(docket entry 33)** is DENIED.

SO ORDERED, this the 27th day of January, 2017.


/s/ David C. Bramlette
UNITED STATES DISTRICT JUDGE